# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>   Plaintiff, <br><br> vs. <br><br> JOE VALENCIA GONZALES II, <br><br>   Defendant. | CASE NO. 10cr4854-MMA <br><br> [Related Civil Case No. 12cv1542] <br><br> **ORDER DENYING DEFENDANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**; <br><br> [Doc. No. 43] <br><br> **DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Defendant Joe Valencia Gonzales II collaterally challenges his criminal conviction pursuant to Title 28 of the United States Code, section 2255, arguing he received ineffective assistance of counsel. After initial review, the Court ordered the government to respond to Defendant's motion. *See* Doc. No. 44. The government filed a response, to which Defendant replied. *See* Doc. Nos. 45, 46. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## BACKGROUND

On January 13, 2011, pursuant to a written plea agreement, Defendant pleaded guilty to a single count Information charging him with distributing images of minors engaged in sexually explicit conduct in violation of Title 18 of the United States Code, section 2252(a)(2). *See Plea Agreement*, Doc. No. 21. In exchange for Defendant's plea, the government agreed not to seek an indictment for additional counts of receipt and/or distribution of child pornography or advertising, which carried a mandatory minimum sentence of fifteen years in custody. *See id*. at 2. In the plea

agreement, Defendant attested that he had "fully discussed the facts of this case with defense counsel" and "consulted with counsel and is satisfied with counsel's representation." *Id.* at 4, 14. Defendant initialed each page of the plea agreement, and signed his name under penalty of perjury. *Id.* at 14.

Subsequent to a plea colloquy on December 21, 2010, the assigned magistrate judge issued findings that Defendant understood he was giving up his rights, admitted to a sufficient factual basis for his plea, and that he otherwise understood the plea agreement in its entirety. *See* Doc. No. 22. The magistrate judge further found that Defendant was competent to enter the plea and that Defendant's plea was knowing and voluntary. *Id.* at 2. On January 27, 2011, this Court accepted Defendant's guilty plea. *See* Doc. No. 24. The Court sentenced Defendant on June 27, 2011, to 72 months imprisonment, 15 years of supervised release, and a $100 penalty assessment. *See Judgment*, Doc. No. 35.

### DISCUSSION

*1. Legal Standard*

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Defendant moves to vacate his conviction based on two grounds: (1) ineffective assistance of counsel for failing to investigate an insanity defense or prepare adequately during the post-plea, pre-sentencing phase of the case, and (2) ineffective assistance of counsel for failing to communicate with Defendant's naval lawyer or to assist with Defendant's "naval defense."[1]

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that

---

[1] Defendant raised an additional ground for relief based on the quality of medical care he is receiving while incarcerated. The Court previously summarily dismissed this claim as a challenge to the conditions of his confinement and not cognizable on collateral review. *See Court's July 24, 2012 Order*, Doc. No. 44, citing *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

1 (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the
2 defense. *Strickland v. Washington*, 466 U. S. 668, 687 (1984). There is a "strong presumption that
3 counsel's conduct falls within the wide range of acceptable professional assistance." *Id.* at 689. To
4 demonstrate prejudice arising from ineffective assistance in the plea process, the defendant must
5 "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded
6 guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Of particular relevance here, defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Counsel must, "at a minimum, conduct a reasonable investigation enabling him to make informed decisions about how best to represent his client." *Hendricks v. Calderon*, 70 F.3d 1032, 1035 (9th Cir. 1995), quoting *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994) (internal citation and quotations omitted).

*2. Analysis*

Defendant alleges his counsel was ineffective for failing to investigate and present an insanity defense. According to Defendant, "despite being aware of the defendants [sic] long and well-documented history of mental illness" and knowing that his mental state "was not normal due anxiety, depression, and PTSD," his attorney failed to obtain a psychiatrist's opinion as to his mental competence. *See Def. Motion*, 6. The government argues that defense counsel performed competently because insanity would not have been a viable defense to the charged conduct. *See Gov't Response*, 4. The government further points out that defense counsel had her client's mental state evaluated post-plea and provided psychological information to the Court for consideration at the time of sentencing. *Id*. In reply, Defendant contends that counsel failed to investigate or present evidence regarding his psychiatric history, his military service, or his childhood abuse. *See Def. Reply*, 5. Defendant argues that his counsel's failure to make these inquiries resulted in an unknowing and involuntary plea. *Id*. at 3.

To the extent Defendant contends his plea was not knowing or voluntary because his attorney failed to explore the viability of an insanity defense, his contention lacks merit. The Court was aware from the outset that Defendant needed mental health counseling and ordered him to

submit to psychiatric/psychological counseling as a condition of his pretrial release. *See Addendum to Order and Conditions of Pretrial Release*, Doc. No. 14. As such, Defendant's mental health issues were known at the time he pleaded guilty, and were described in detail in the Pre-Sentence Report. The assigned probation officer advised the Court fully regarding Defendant's history of anxiety and depression, including his ongoing treatment during active duty in the United States Navy for symptoms of post-traumatic stress disorder. Defendant appears to suggest that these disorders affected his mental state, predisposing him to commit the underlying criminal offense in this case. However, anxiety and depression generally will not rise to the level of a "severe mental disease or defect" rendering a defendant "unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a) (insanity defense). And the record does not indicate that Defendant's experience with these issues was extraordinary. To the contrary, the record before the Court at the time of sentencing showed that Defendant had been receiving effective treatment for several years.

Even if counsel was ineffective for failing to take Defendant's case to trial in order to present an insanity defense, Defendant has not demonstrated any resulting prejudice. Had Defendant elected to go to trial, he would have been charged with multiple additional counts in an indictment and exposed to a fifteen year mandatory minimum sentence if found guilty. By pleading guilty to the single count Information prior to trial, Defendant faced a mandatory minimum of five years and ultimately received a sentence of only six years in custody.

To the extent Defendant asserts that counsel was ineffective for failing to investigate in order to present sufficient evidence of his mental health at sentencing, this claim is clearly contradicted by the record. Defense counsel submitted a lengthy sentencing memorandum prior to Defendant's sentencing hearing which provided detailed insight into Defendant's distinguished military service, difficult upbringing, childhood abuse, and mental health struggles. *See Sent. Memo.*, Doc. No. 30. Defense counsel reached out to family members, friends, and colleagues, in order to provide the Court with twelve letters of support and positive performance evaluations from the Navy. *See* Doc. No. 31, Exs. B-N. In his own letter to the Court, Defendant stated that he was under the care of a psychologist and a social worker, and his treatment was helping him "tremendously." *See* Doc. No.

31, Ex. A.

Defendant's second ground for relief, that defense counsel in this action was ineffective for failing to communicate with his naval lawyer or assist with his "naval defense," is also without merit. Defense counsel was appointed to represent him in this federal criminal action and was under no obligation to provide any assistance, much less constitutionally effective assistance, in a non-ancillary, military proceeding. *See In re Lindsey*, 875 F.2d 1502, 1507-08 (11th Cir. 1989) (defendant not entitled to "the assistance of a federally-appointed lawyer" in a non-ancillary proceeding).

Finally, the Court denies Defendant's request to hold an evidentiary hearing. A court deciding a motion under section 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a defendant must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed above, Defendant has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Doc. No. 43]. Defendant has not made a substantial showing of the denial of a constitutional right, and accordingly, the Court **DECLINES** to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

DATED: October 18, 2012

Hon. Michael M. Anello
United States District Judge